United States Courts
Southern District of Texas
ENTERED

FEB 1 1 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | | |
| Plaintiff, § § | | |
| v. § | CIVIL ACTION NO. H-03-3984 | |
| § | | |
| COMMERCIAL COATING SERVICE, INC., § § § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

The Equal Employment Opportunity Commission ("EEOC") filed this suit on September 30, 2003, alleging discrimination, racial harassment, constructive discharge and other claims in violation of Title VII of the Civil Rights Act of 1964, as amended, concerning Defendant Commercial Coating Services, Inc.'s ("CCSI's") allegedly improper treatment of Movant Charles Hickman while he was employed by CCSI. Much of the conduct of which the EEOC complains was by Hickman's co-employee John Wrublewski ("Wrublewski"). Defendant has answered the EEOC's complaint. Movant seeks to intervene in this suit on behalf of himself individually and as next friend for his five minor children, pursuant to Rules 24(a)(2) and 24(b)(2) as a matter of right or, alternatively, on permissive intervention grounds.[1] Movant seeks leave to pursue in this action claims under

---

[1] *See* Motion for Leave of Court to Intervene as of Right and For Leave to bring Third-party
(continued...)

42 U.S.C. § 1981, Texas Labor Code §§ 21.051, 21.052 and 21.122, and the Texas Constitution, article I, § 3a (known as the "Texas Equal Rights Amendment") for violation of equal protection and employment discrimination. Hickman (individually and as his children's representative) seeks also to assert state law claims of intentional infliction of emotional distress; negligent hiring, supervision and retention; battery; assault; and false imprisonment; as well as vicarious liability and constructive discharge. Hickman seeks to assert these proposed claims against both CCSI and Wrublewski, whom Hickman seeks to join in this suit as another defendant under Rules 19 and 20 of the Federal Rules of Civil Procedure.

CCSI opposes the motion because Hickman has failed to show any ground for intervention as a matter of right under Rule 24(a)(2) and because any intervention would delay and prejudice the adjudication of the original parties' rights in this case.[2]

"Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

Rule 24(b)(2) governs permissive intervention, which provides, in relevant part:

---

[1]   (...continued)
Complaint [Doc. # 7]; First Supplemental Motion for Leave of Court to Intervene and Reply to Opposition to Motion for Leave [Doc. # 10]   These motions are collectively referred to as the "motion."

[2]   Hickman asserted permissive intervention and joinder under Rules 24(b)(2), 19 and 20, respectively, after Defendant challenged the original authorities he cited (intervention of right (Rule (a)(2)) and third party claims (Rule 14)).

> Upon timely application anyone may be permitted to intervene in an action: ... when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Whether to permit intervention pursuant to Rule 24(b) is "wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Bush v. Viterna,* 740 F.2d 350, 359 (5th Cir.1984) (per curiam).

Hickman's permissive intervention to sue CCSI is appropriate under Rule 24(b)(2). Both the EEOC's claims, Hickman's and his children's, arise largely from the same set of facts. That these different parties have separate legal theories is not dispositive.[3] This court

---

[3] Hickman's right to intervene under Rule 24(a)(2) is more questionable. "[A] party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervenor's interest." *Glickman,* 256 F.3d at 375 (citing *Ford v. City of Huntsville,* 242 F.3d 235, 239 (5th Cir. 2001); *Edwards v. City of Houston,* 78 F.3d 983, 1000 (5th Cir. 1996); *Espy,* 18 F.3d at 1204-05; *Stallworth v. Monsanto Co.,* 558 F.2d 257, 263-67 (5th Cir. 1977)). "Th[is] analysis is contextual; absolute measures of timeliness should be ignored." *Id.* (citing *Espy,* 18 F.3d at 1205). "A court should ignore [h]ow far the litigation has progressed when intervention is sought[,] . . . the amount of time that may have elapsed since the institution of the action ... [, and] the likelihood that intervention may interfere with orderly judicial processes." *Stallworth,* 558 F.2d at 266 (internal quotation marks omitted). Intervention of right arguably is applicable here if the "transaction" is deemed Hickman's employment with CCSI and, more specifically, the questioned encounters between Hickman and Wrublewski. The disposition of the EEOC's claims might impair or impede Hickman's ability to protect his interests in his own claims, because of collateral estoppel. The Court need not definitively rule on the applicability of Rule 24(a)(2), however, in light of the permissive intervention decision under Rule 24(b)(2).

exercises its discretion to permit Hickman individually and on behalf of his children to intervene in this suit. Failure to allow intervention will simply result in two federal lawsuits involving the same events. Resolution of one suit could raise collateral estoppel or other matters that will waste the parties and the Court's time and resources. Judicial economy dictates inclusion in one suit of all claims relating to CCSI's employees' treatment of Hickman.

Rule 19 of the Federal Rules of Civil Procedure "allows joinder of necessary parties unless that joinder would defeat diversity jurisdiction." *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997). Joinder is authorized of all parties whose presence in a lawsuit is required for the fair and complete resolution of this dispute at issue. *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). An absent party is a necessary party if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). Because the Court finds that permissive intervention by Hickman and his children to assert claims against CCSI, the Court concludes that joinder of Wrublewski as a defendant also is warranted. Wrublewski's conduct is in issue in the EEOC's claims and in Hickman's claims against CCIS. Hickman's and his children's claims against the employee personally is appropriate to enable all the related claims to be resolved in one

lawsuit so the entire dispute can be disposed of fairly and completely. *Id.* at 438 n.7 (citing *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986). It is therefore

**ORDERED** that Hickman's motions for leave to intervene [Docs. # 7, 10] are **GRANTED**. Hickman shall immediately file his complaint in intervention.

SIGNED at Houston, Texas, this 11th day of February, 2004.

NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE