United States Courts
Southern District of Texas
ENTERED

JUN 1 7 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., | § § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-03-3984 |
| | § | |
| COMMERCIAL COATING SERVICE, INC., et al., | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

This Title VII case is before the Court on Defendant Commercial Coating Services, Inc.'s ("CCSI's") Motion to Dismiss [Doc. # 25] the claims in intervention of the minor children of Intervenor Charles Hickman, and Defendant's Motion to Strike Immaterial, Impertinent or Scandalous Matter [Doc. # 28]. Intervenor Charles Hickman has responded to both motions [Doc. ## 30, 32 respectively], and has moved for voluntary dismissal of the claims of the minor children [Doc. # 32].

Intervenor Hickman seeks voluntary dismissal of the minor children pursuant to Federal Rule of Civil Procedure 41. CCSI has filed an answer, but has not asserted counterclaims against the minor children. Discovery is not scheduled to be complete until January 16, 2005, there is no pending summary judgment motion, and docket call is almost a year away. As a general rule, motions for voluntary dismissal should be freely granted

unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314 (5th Cir. 2002). The Court finds that CCSI will not be prejudiced by dismissal of the minor children's claims without prejudice at this time.

CCSI seeks to strike the following statements from the Complaint in Intervention:

> Given years of civil rights struggle and the many years before that when the mention of a 'noose' meant just one thing to a Black man . . ..

Complaint in Intervention, ¶ 6.02. And,

> To a Black man in the Southern United States a noose is not merely a tied rope, any more than a burning cross in one's year is merely a camp fire. The fear that such a symbol imparts to people of color is common knowledge to all Texans and all Americans.

*Id.*, ¶ 6.03. Defendant argues that these statements are immaterial to the claims in this case and are meant solely to inflame the trier of fact. The Court disagrees. A motion to strike should be granted only when the allegations are prejudicial to the defendant or immaterial to the lawsuit. *Bryant v. Lubbock Indep. School Dist.*, No. Civ. A.504CV083-C, 2004 WL 884471, at *3 (N.D. Tex. April 26, 2004) (citing *Augustus v. Board of Publ Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962). Immateriality exists when the allegations "have no possible bearing upon the subject matter of the litigation." *Id.* (quoting *Sadler v. Benson Motors Corp.*, 1997 WL 266735, at *1 (E.D. La. May 15, 1997). The statements at issue here are not beyond the scope of the facts of this case nor are they unduly inflammatory or prejudicial. The factual basis for Intervenor's and Plaintiff's claims in this case includes the allegation that CCSI's employee, Defendant Wrublewski, harassed

Intervenor, a Black man, by placing a noose around Intervenor's neck. Intervenor's statements offer an explanation for why Intervenor felt threatened by the alleged incident and why he contends that the incident was racially motivated. They are not immaterial, impertinent, or scandalous within the meaning of Federal Rule of Civil Procedure 12(f). To the contrary, the statements strike at the heart of the case. It is therefore,

**ORDERED** that Defendant's Motion to Strike [Doc. # 28] is **DENIED**. It is further

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 25] is **DENIED**. It is further

**ORDERED** that Intervenor's Motion for Voluntary Dismissal [Doc. # 32] is **GRANTED**. It is further

**ORDERED** that the claims of the intervenor minor children, SMH, CH(f), DH, CH(m), and HH are **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, this 17th day of June, 2004.

NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE